```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BREM MOLDOVSKY, et al.,          :   CIVIL ACTION
                                 :   NO. 21-1365
     Plaintiffs,                 :
                                 :
  v.                             :
                                 :
ANDREW ELLNER, et al.            :
                                 :
     Defendants.                 :
```

### O R D E R

**AND NOW**, this **22nd** day of **July, 2021**, upon consideration of Defendants' motion for an extension (ECF No. 14) and Defendants' motion to dismiss (ECF No. 16) and the responses and replies thereto, and after a July 20, 2021 hearing, it is hereby **ORDERED** that:

1. the motion for an extension (ECF No. 14) is **GRANTED nunc pro tunc** and Defendants' time in which to file a motion to dismiss is extended retroactively to June 29, 2021;

2. the motion to dismiss (ECF No. 16) is **GRANTED** as follows:

   a. Counts I and II of the complaint alleging violations of the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. C.S. §§ 5701, et seq. (the "Pa. Wiretap Act)" are **DISMISSED with prejudice**;[1] and

---

[1] Plaintiffs contend that Ellner recorded without authorization at least two phone calls between Ellner in New York and Moldovsky in Pennsylvania. Plaintiffs do not allege

---

that Ellner recorded any calls while Ellner was in Pennsylvania. Plaintiffs contend that Ellner's actions violate the Pa. Wiretap Act.

However, several Pennsylvania courts and one federal district court have concluded that the Pa. Wiretap Act does not apply to the unauthorized recording of phone calls where the recording was made from outside of Pennsylvania. See Larrison v. Larrison, 750 A.2d 895, 898 (Pa. Super. 2000) (concluding after a conflict of laws analysis that the Pa. Wiretap statute was inapplicable to a call recorded in New York since New York had the greater interest in allowing its citizens to record conversations, Pennsylvania had no power to control activities that occur within a sister state, and "Pennsylvania has no state interest in a recording of a telephone conversation placed to New York even if the recording is later used in the Pennsylvania Courts"); see also Popa v. Harriet Carter Gifts, Inc., 426 F. Supp. 3d 108, 115 & n.3 (W.D. Pa. 2019) (concluding that "Pennsylvania courts refuse to extend [the Wiretap Act] to out-of-state intercepts," that "Larrison expresses the law of the Commonwealth on this issue," and that the court "will follow suit"); Ball v. Ehlig, 70 Pa. D. & C.4th 160, 168-69 (Com. Pl. 2005), aff'd, 889 A.2d 107 (Pa. Super. Ct. 2005), aff'd sub nom. Heck v. Ehlig, 889 A.2d 122 (Pa. Super. Ct. 2005) (performing a conflict of laws analysis while considering the Pa. Wiretap Act and concluding that "[t]he state of Texas [(where the call was recorded)] has a greater interest in allowing its citizens to record telephone conversations legally with only the consent of one party"); Broughal v. First Wachovia Corp., 14 Pa. D. & C.4th 525, 532-33 (Com. Pl. 1992) (providing that the Pa. Wiretap Act does not apply to the unilateral recording by out-of-state parties of conversations with a Pennsylvania citizen, holding that the "'result' under review here is the interception and recording, not the conversation" and that "under Pennsylvania law of torts, foreign interception and recording of a conversation cannot form the basis for a civil complaint for unlawful interception under this Pennsylvania statute"). Plaintiffs have not provided, and the Court has not found, any relevant law to the contrary.

This Court agrees that under a conflict of laws analysis, the state where the recording was made has a greater interest than the state where the recorded party was present, and that the Supreme Court of Pennsylvania would follow this logic as described in Larrison. See Pac. Emps. Ins. Co. v. Glob. Reinsurance Corp. of Am., 693 F.3d 417, 433 (3d Cir. 2012) ("In the absence of a controlling opinion from a state's highest

2

   b. Counts III and IV, seeking a permanent injunction and alleging violations of the Florida, California, and Nevada wiretap statutes (Fla. Stat. § 934.03, Cal. Penal Code § 632, and Nev. Rev. Stat. 200.620) are **DISMISSED without prejudice**;[2] and

  3. Plaintiff may file an amended complaint amending Count IV to include non-speculative allegations regarding relevant calls between Ellner and Moldvosky. These allegations must contain sufficient facts to state a facially plausible claim pursuant to Iqbal and Twombly. Thus, any such allegations must include that specific telephone calls on known dates were recorded by Ellner while he was in either Florida, California, or Nevada.

---

court on an issue of state law, we typically predict how that court would decide the issue."). Therefore, Counts I and II must be dismissed with prejudice as Plaintiffs have failed to allege that Ellner recorded calls while in Pennsylvania.

[2] Plaintiffs' allegations supporting Count IV impermissibly involve multiple layers of absolute speculation including that: (1) Ellner might have made calls to Moldovsky from either Florida, California, or Nevada; and (2) Ellner might have recorded those calls. Even one such layer of speculation would entitle Defendants to dismissal under modern pleading standards. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (providing that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))); Twombly, 550 U.S. at 555 (providing that "[f]actual allegations must be enough to raise a right to relief above the speculative level").

It is further **ORDERED** that failure to file an amended complaint as describe above **by August 20, 2021** will result in the **dismissal without prejudice of Counts III and IV to be automatically converted to a dismissal with prejudice** and the case will be marked as closed.

      **AND IT IS SO ORDERED.**

*Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**